IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-05628 |
| WENYANG CHEN, *Defendant.* | § § § | |

**PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S
ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiff, Atlantic Casualty Insurance Company, files this complaint for declaratory judgment and respectfully shows the Court the following:

## I. Parties

1. Atlantic Casualty Insurance Company (Atlantic Casualty) is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. For diversity-jurisdiction purposes, Atlantic Casualty is a citizen of North Carolina but not Texas.

2. Defendant Wenyang Chen is a citizen of Texas who may be served with process at his domicile at 27 Beacon Hill, Sugarland, Texas 77479, or wherever he may be found. For diversity-jurisdiction purposes, Mr. Chen is a citizen of Texas but not North Carolina.

## II. Jurisdiction and Venue

3.      The defendant in this lawsuit is not a North Carolina citizen like Atlantic Casualty, rendering Atlantic Casualty's citizenship completely diverse from the defendant's citizenship.  The amount in controversy exceeds $75,000.  The Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1).  Additionally, the Court has personal jurisdiction over Mr. Chen because he is a Texas citizen.

4.      Venue is proper in this Court under 28 U.S.C. §1391(b)(1) and (b)(2). The defendant resides in Texas and resides within the judicial district of the Southern District of Texas—Houston Division.  Furthermore, the property that is the subject of the claim is located at 133 FM 359 Road, Richmond, Texas 77642 which is within the judicial district of the Southern District of Texas—Houston Division.

## III. Facts

5.      Paragraphs 1-4 set forth above are incorporated herein by reference.

6.      Atlantic Casualty brings this claim for declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201, 2022.

7.      Atlantic Casualty issued Commercial Property Coverage under Policy No. M318001780-0, effective December 10, 2024 to December 10, 2025, to Wenyang Chen. (the Policy). (See Ex. A).

8.      The Policy provides insurance for two buildings located at 133 FM 359 Road, Richmond, Texas 77406 (the Property). The limits of insurance for the two buildings total

$700,000— Premises 1 Building 1 carries a limit of insurance of $430,000 and Premises 1 Building 2 carries a limit of insurance of $270,000.

| BUSINESS DESCRIPTION* | office/warehouse | | | | | |
|---|---|---|---|---|---|---|

**DESCRIPTION OF PREMISES**

| PREM. NO. | BLDG. NO. | LOCATION, CONSTRUCTION AND OCCUPANCY | | | | |
|---|---|---|---|---|---|---|
| 1 | 1 | 133 FM 359 RD TX 77406 Frame | | RICHMOND office/warehouse | | |
| 1 | 2 | 133 FM 359 RD TX 77406 Frame | | RICHMOND office/warehouse | | |

COVERAGES PROVIDED - INSURANCE AT THE DESCRIBED PREMISES APPLIES ONLY FOR COVERAGES FOR WHICH A LIMIT OF INSURANCE IS SHOWN

| PREM. NO. | BLDG. NO. | COVERAGE | LIMIT OF INSURANCE | COVERED CAUSES OF LOSS | COINSURANCE+ | RATES |
|---|---|---|---|---|---|---|
| 1 | 1 | Building | 430,000 | Special | Redacted | |
| 1 | 2 | Building | 270,000 | Special | | |

| OPTIONAL COVERAGES - APPLICABLE ONLY WHEN ENTRIES ARE MADE IN THE SCHEDULE BELOW. | + IF EXTRA EXPENSE COVERAGE, LIMITS ON THE LOSS PAYMENT |
|---|---|

9. The Policy contains Building and Personal Property Coverage Form which contains the following regarding limits of insurance:

> C. Limits Of Insurance
> The most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations.
> …
>
> CP 00 10 10 12

10. During the policy period, the Property suffered a fire loss on or about April 27, 2025. Mr. Chen filed a claim with Atlantic Casualty seeking coverage for the damage. Atlantic Casualty promptly investigated the claim, accepted coverage for the loss, and made prompt and timely payment to Mr. Chen. Atlantic Casualty exhausted policy limits for Premises 1 Building 2 by issuing payment in the amount of $270,000. Atlantic Casualty also issued payment in the amount of $76,947.35 for damage to Premises 1 Building 1. In total, Atlantic Casualty issued payment in the amount of $346,947.35. (See Ex. B).

11.     In a letter dated September 11, 2025, Mr. Chen disputes the Policy's limits of insurance of a combined $700,000. Mr. Chen contends that the Policy limits of insurance are $1,200,000 and demands payment for the Policy's limits in the amount of $1,200,000.

12.     Atlantic Casualty and Mr. Chen dispute the limits of insurance available under the Policy which constitutes a present, concrete and definite controversy between the parties. Atlantic Casualty seeks a declaration that the limits under the Policy are a combined $700,000 split between Premises 1 Building 1 and Premises 1 Building 2 as stated on the declarations page. Atlantic Casualty also seeks a declaration that it has paid the applicable policy limits on Premises 1 Building 2.

## IV. Declaratory Judgment

13.     Paragraphs 1-12 set forth above are incorporated herein by reference.

14.     Pursuant to Declaratory Judgment Act, 28 U.S.C. §2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

15.     Atlantic Casualty seeks a declaration that the limits of insurance under the Policy and for the Property are a combined $700,000 with Premises 1 Building 1 carrying a limit of insurance of $430,000 and Premises 1 Building 2 carrying a limit of insurance of $270,000.

16.     Atlantic Casualty also seeks a declaration that it exhausted its limits for Premises 1 Building 2 in the amount of $270,000.

*Atlantic Casualty's Complaint for Declaratory Judgment – Page 4*

17.    In the alternative, Atlantic Casualty seeks a declaration that Atlantic Casualty's Policy does not have a duty to indemnify Mr. Chen for benefits above the Policy's limits of insurance.

## V. Prayer

For these reasons, Atlantic Casualty asks for judgment against defendant Wenyang Chen as follows:

a. Declaring that Atlantic Casualty's Policy limits of insurance for the fire for the two buildings is a combined total of $700,000—Premises 1 Building 1 carries a limit of insurance of $430,000 and Premises 1 Building 2 carries a limit of insurance of $270,000.

b. Declaring that Atlantic Casualty exhausted its limits for the fire for Premises 1 Building 2 in the amount of $270,000.

c. Alternatively, Atlantic Casualty seeks a declaration that Mr. Chen is not entitled to indemnification for the fire above the Policy's limits of insurance;

d. All rights or reimbursement at law or in equity;

e. Court costs; and

f. All other relief that the Court deems appropriate.

Respectfully submitted.

Camille Johnson
State Bar No. 10686600
S.D. Bar No. 16414
Sarah Sachs
State Bar No. 24127860
S.D. Bar No. 3918805
SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Phone: (214) 368-1515
Fax: (737) 273-8905
camille@ssjmlaw.com
ssachs@ssjmlaw.com

Erin Morris
State Bar No. 24127402
S.D. Bar No. 3815405
SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.
885 Arapahoe Avenue, Suite 207
Boulder, Colorado 80302
Tel: (303) 244-9629
Fax: (737) 273-8905
erin@ssjmlaw.com
**Counsel for Plaintiff Atlantic Casualty Insurance Company**