**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:25-cv-05628 |
| WENYANG CHEN, | § | |
| Defendant. | § | |
| | § | |
| WENYANG CHEN, | § | |
| Counterclaim Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ATLANTIC CASUALTY INSURANCE COMPANY, | § | |
| Counterclaim Defendant. | § | |

**DEFENDANT'S ANSWER AND COUNTERCLAIMS**

Defendant Wenyang Chen ("Defendant") herby files this answer and counterclaims in response to Plaintiff Atlantic Casualty Insurance Company's ("Plaintiff") Complaint as follows.

**ANSWER**

**I.      Parties**

1. Defendant admits the allegations of this paragraph.

2. Defendant admits the allegations of this paragraph.

**II.      Jurisdiction and Venue**

3. Defendant admits the allegations of this paragraph.

4. Defendant admits the allegations of this paragraph.

### III.   Facts

5.     Defendant's responses to paragraphs 1-4 are incorporated by reference.

6.     Defendant admits that Plaintiff has brought this claim alleging a declaratory judgment action.  The remaining allegations of this paragraph are legal conclusions to which no response is required.

7.     Defendant admits that Plaintiff issued property coverage to Defendant for the policy period from December 10, 2024 to December 10, 2025.  Defendant had not received a copy of the policy issued until attached to this complaint, and therefore is without knowledge to admit or deny the allegations of this paragraph relating to Ex. A as the policy.

8.     Defendant admits that the policy issued was intended to and does insure the property located at 133 FM 359 Road, Richmond, Texas 77406 (the "Property"), but denies that the policy does or properly does split the Property into two buildings as alleged in this paragraph. Defendant denies all remaining allegations of this paragraph.

9.     Defendant admits that the policy does and was intended to provide building and personal property coverage, and that the policy attached as Exhibit A contains the block-quoted language (among many other provisions).  However, Defendant denies that the policy does or properly does split the Property into two buildings with separate limits as alleged in this paragraph.  Defendant denies all remaining allegations of this paragraph.

10.     Defendant admits that during the policy period, the Property suffered a fire loss on or about April 27, 2025, and that Mr. Chen filed an insurance claim seeking coverage. Defendant admits that Plaintiff investigated the claim and accepted coverage.  Defendant admits that payment was made in the total amount of $346,947.35, but denies that such payment exhausted the policy limits.  Defendant denies all remaining allegations of this paragraph.

11.     Defendant admits that Defendant disputed the policy limits, including in a letter

DEFENDANT'S ANSWER AND COUNTERCLAIMS                                    Page 2

dated September 11, 2025, that the policy limits are and should be $1.2 million, and that Plaintiff owes Defendant the policy limits due to the fire loss.

12. Defendant admits that there is a definite controversy between the parties giving rise to this case, but denies that Plaintiff is entitled to a declaratory judgment as sought, and further denies any remaining allegations of this paragraph.

## IV. Declaratory Judgment

13. Defendant's responses to paragraphs 1-12 are incorporated by reference.

14. Defendant admits that the Declaratory Judgment Act, 28 U.S.C. § 2201, contains the quoted language alleged, but denies that Plaintiff is entitled to a declaratory judgment as sought, and further denies any remaining allegations of this paragraph.

15. Defendant admits that Plaintiff is seeking a declaratory judgment, but denies that Plaintiff is entitled to a declaratory judgment as sought, and further denies any remaining allegations of this paragraph.

16. Defendant admits that Plaintiff is seeking a declaratory judgment, but denies that Plaintiff is entitled to a declaratory judgment as sought, and further denies any remaining allegations of this paragraph.

17. Defendant admits that Plaintiff is seeking a declaratory judgment, but denies that Plaintiff is entitled to a declaratory judgment as sought, and further denies any remaining allegations of this paragraph.

## V. Prayer

Defendant denies that Plaintiff is entitled to the relief sought, and prays that Plaintiff take nothing from its complaint.

## COUNTERCLAIM

For his Counterclaim against Atlantic Casualty Insurance Company, Defendant Wenyang

Chen alleges as follows.

1.      Counterclaim Plaintiff Wenyang ("Wayne") Chen (hereinafter "Chen") is a resident of Texas, and the owner of the Property at 133 FM 359 Road, Richmond, Texas 77406.

2.      Counterclaim Defendant Atlantic Casualty Insurance Company (hereinafter "ACIC") is, as it alleges in this matter, a North Carolina corporation with its principal place of business in Goldsboro, North Carolina.

3.      Chen and ACIC are citizens of different states for the purposes of diversity jurisdiction and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).  Subject matter jurisdiction would also exist under 28 U.S.C. § 1367 over these counterclaims, as they arise out of the same series of events as give rise to Plaintiff's claims.  This court has personal jurisdiction over ACIC because they have availed themselves of the jurisdiction and laws of the state of Texas, including appearing in this matter as Plaintiff.

4.      Venue is proper in that these counterclaims are brought in the case initiated by ACIC in this venue.

5.      In or about November 2019, ACIC, through one or more agents of ACIC, including Lucy Zhao, proposed to Chen to place insurance covering the Property.  The package quote for insurance represented the insurance as $1.2 million in coverage on the Property, undifferentiated by any supposed number of buildings.

6.      The proposal clearly identified the business description to which the property was being put as "LRO – office & warehouse for electronic lock distributor."

7.      The quote purported to be subject to a "Signed Acord Apps," a "Completed, signed/dated Terrorism form," and a "Signed No Loss Letter.  The quote also recited "To bind

coverage we must receive written confirmation of the order of coverage, based on the terms and conditions outlined within this quotation."

8.    There were no other subjectivities or conditions for coverage on the terms proposed.  There were no subjectivities in the quote purporting to require an inspection, or making coverage contingent on an inspection or the results of an inspection.

9.    The proposal for insurance offered by ACIC both expressly stated and fairly implied that upon completion of the required subjectivities, and payment of the premium, the Property would be insured for $1.2 million.

10.    All subjectivities for coverage were completed and the policy was issued in December 2019 as proposed, undifferentiated by any building(s) and in a full amount of $1.2 million in limits.

11.    In a letter dated October 16, 2025, ACIC counsel in this matter confirmed that the policy issued by ACIC in December 2019 included $1.2 million in insurance, undifferentiated by any building(s).

12.    In January 2020, one or more representatives of ACIC conducted an inspection of the Property.

13.    Chen was not notified of the results of the inspection, and was not provided a copy of the inspection report.

14.    Neither ACIC, nor anyone on its behalf notified Chen that any action or determination was or would be made on the basis of the inspection.

15.    At no time prior to the fire loss giving rise to this case did ACIC or anyone purporting to act on its behalf inform Chen (a) as to the results of the inspection; (b) that the results had supposedly indicated an insured value of less than $1.2 million, or (c) that either ACIC or anyone else had used the results to change to terms of any property coverage.

16.    For the past several years, including the policy year at issue in this matter, Chen has renewed the insurance first purchased in 2019.  The relevant renewals occurred in or about November 2020, November 2021, November 2022, November 2023, and November 2024.

17.    At no time in any renewal has the written renewal material conspicuously indicated, or indicated in a manner that drew Chen's attention to it, an effort by ACIC to reduce the coverage of the Property, or change the conditions of coverage.

18.    Moreover, based on ACIC's claim now, that the insurance limits are split between two buildings and that there is no overall $1.2 million limit in the policy, both the original quote and each years' renewal – each lacking of conspicuous clear indication claiming the policy limits had been reduced or the conditions of coverage changed – were misleading and misstate the advantages promised by the policy.

19.    In addition, in failing to conspicuously and clearly indicate that there were supposedly reductions in limits, that the limit had been reduced and split between two buildings, and that there was not still an overall limit of $1.2 million, ACIC failed to state material facts necessary to make any other representation in the renewal materials each year as to the limits or buildings not misleading.

20.    Simply put, ACIC, through one or more agents, engaged in a scheme to originally place $1.2 million in coverage for the Property, and then, without telling Chen, used a woefully inadequate "inspection" to purportedly reduce coverage of the Property to a total of about $700,000, or only about 58% of its value, without reasonably disclosing these facts to Chen in a non-misleading and conspicuous manner.

21.    Worse still, ACIC, through one or more agents, engaged in a scheme to split the Property in two, such that depending on the locale and extent of the loss, even those inadequate

$700,000 limits (much less an overall $1.2 million limit) would not be available to Chen, without reasonably disclosing these facts to Chen in a non-misleading and conspicuous manner.

22.     Then, contrary to Texas law, Insurance Code § 551.056, and in a misleading manner, each year ACIC hid the now-claimed coverage changes in the "fine" print of renewals, such that Chen was misled as to the coverage purchased and maintained.

23.     ACIC, and/or agents acting on its behalf, caused Chen to purchase insurance believing that he was purchasing insurance fairly covering the value of the Property, while in fact, ACIC claims to have covered at best only about 58% of the value Chen insured and intended to insure.

24.     Upon information and belief, ACIC knew the inspection had occurred, and knew of the results of that inspection, and deliberately purported to reduce the limits of the policy without itself communicating, or instructing or ensuring any other agent communicated as required by law.  Accordingly, ACIC knowingly committed the acts complained of above.

25.     In April 2025, Chen suffered a fire loss at the Property.

26.     The fire loss caused damage to the Property well in excess of the amounts paid to date, and believed to be in excess of $1.2 million.

27.     ACIC purports to have paid $270,000 for fire loss to that portion of the Property then-used to warehouse inventory.  Even just repairing and/or rebuilding that portion of the building will cost more than $270,000.

28.     ACIC purports to have paid $76,947.35 for fire loss damage to that portion of the Property used as offices.  Even simply just repairing and/or rebuilding that portion of the building will cost more than the $76,947.35 paid.  Even under ACIC's theory of the case, there remains more than $350,000 in available limits that ACIC has refused to pay.

29.    The amount ACIC has paid to date is not all that is owed by ACIC, or the limit of the policy, property construed.

30.    ACIC has refused to pay any additional amounts, and instead brought this declaratory judgment action.

31.    ACIC's actions in failing to pay amounts owed, including under the excuse of the improper and misleading actions above, have further caused Chen damage in the delay in the repair and/or replacement of the fire loss, and restoration of the building to its prior income-producing purposes.

## COUNT I – BREACH OF CONTRACT

32.    Chen incorporates all preceding allegations.

33.    Chen suffered a fire loss at the Property, a loss that ACIC acknowledges, in this matter, is a covered loss.

34.    The fire loss at the Property exceeds the amounts paid by ACIC to date, and exceeds $1.2 million.

35.    The applicable policy, properly read and applying Texas law, Insurance Code § 551.056 must be read to include a limit of $1.2 million, not the $700,000 limit, or the two buildings limits claimed by ACIC.

36.    With or without the above application of Texas law, ACIC has not paid its obligations, and refuses to do so.

37.    ACIC is in breach of contract, and its breach has caused Chen damage, in an amount to be proven at trial, at least the difference between in the amount paid to date and the limits of the policy, that is $853,052.65.

## COUNT II –Action Pursuant to Tex. Ins. Code § 541.151

38.    Chen incorporates all preceding paragraphs.

39. Texas Insurance Code § 541.061 prohibits unfair or deceptive acts or practices by, among other things,

a) "failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;"

b) "making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;" and

c) "failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code."

40. ACIC's actions as detailed above breached these provisions of the Texas Insurance Code, including but not limited to by failing to conspicuously inform Chen that ACIC was reducing coverage or changing the conditions of coverage in violation of § 551.056, and also by failing to disclose the lack of an overall limit of $1.2 million in a manner that was not misleading.

41. Due to the violations above, Chen relied on the belief that there was in fact $1.2 million in coverage on the Property in purchasing the maintaining the insurance through each renewal with ACIC, including the renewal giving rise to the insurance subject to this claim.

42. Chen has suffered actual damages caused by these violations, including damages resulting from ACIC's refusal to timely pay the fire loss.

43. Texas Insurance Code § 541.151 authorizes and entitles a private right of action by Chen "against another person," in this case ACIC, for those damages caused by ACIC's violations.

44. Accordingly, Chen brings an action against ACIC for the damages caused by ACIC's violations of Texas Insurance Code § 541.061, in an amount to be proven at trial, at least

the difference between in the amount paid to date and the limits of the policy, that is $853,052.65.

45. Pursuant to Texas Insurance Code § 541.152, Chen is also entitled to court costs and reasonable attorney's fees, an award up to three times the amount of Chen's damages, and such other relief as the Court determines is proper.

**COUNT III –Action Pursuant to Tex. Bus. & Comm. Code § 17.50**

46. Chen incorporates all preceding paragraphs.

47. Texas Business and Commerce Code § 17.46 prohibits unfair and deceptive acts or practices by, among other things,

a) "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . ."; or

b) "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve".

48. ACIC's actions as detailed above breached the provisions of § 17.46, including but not limited to by failing to conspicuously inform Chen that ACIC was reducing coverage or changing the conditions of coverage, and also by failing to disclose the now-alleged lack of an overall limit of $1.2 million in a manner that was not misleading.

49. Due to the violations above, Chen relied on the belief that there was in fact $1.2 million in coverage on the Property in purchasing and maintaining the insurance through each renewal with ACIC, including the renewal giving rise to the insurance subject to this claim.

50. Chen has suffered actual damages caused by these violations, including damages resulting from ACIC's refusal to timely pay the fire loss, as well as mental anguish.

51. Chen is a consumer within the meaning of § 17.50. Texas Business and Commerce Code § 17.50 authorizes and entitles a private right of action by ACIC for those

damages caused by ACIC's violations of the above alleged provisions and any other applicable under § 17.46, as well as based upon the prior alleged violations of the Texas Insurance Code Chapter 541.

52.    Chen is entitled to damages, including mental anguish, and including three times the amount of damages found, in an amount to be proven at trial, as well as attorney fees and court costs.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor on its Counterclaims against Plaintiff, and grant Defendant the following relief:

(A) Damages in the amount to be proven at trial, including

    (i)      Damages for fire loss,

    (ii)     Damages for delay in the payment of the claim,

    (iii)    Damages for mental anguish as found by the trier of fact,

    (iv)    Treble damages, and

    (v)     Attorney fees and costs, plus

(B) Such other relief as the Court determines proper.

Dated: March 23, 2026                  Respectfully submitted,

                                       */s/ Edward J. Loya, Jr.*

                                       **Edward J. Loya, Jr.**
                                       State Bar No. 24103619
                                       loya.edward@dorsey.com
                                       **DORSEY & WHITNEY LLP**
                                       200 Crescent Ct, Suite 1600
                                       Dallas, TX 75201
                                       214 981-9900(main)
                                       214 981-9901(facsimile)

                                       **Daniel J. Brown** *(pro hac vice pending)*
                                       brown.daniel@dorsey.com
                                       **DORSEY & WHITNEY LLP**
                                       50 South Sixth Street, Suite 1500
                                       Minneapolis, MN 55402
                                       (612) 340-2600(main)
                                       (612) 340-2868(facsimile)


                                       **ATTORNEYS FOR DEFENDANT WENYANG
                                       CHEN**

---

DEFENDANT'S ANSWER AND COUNTERCLAIMS                              Page 12

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, I served a true and correct copy of the foregoing upon the following counsel of record via the Court's electronic-filing system.

*/s/ Edward J. Loya, Jr.*
Edward J. Loya, Jr.