IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY<br>INSURANCE COMPANY,<br>    *Plaintiff,*<br><br>v.<br><br>WENYANG CHEN,<br>    *Defendant/ Counterclaim Plaintiff,*<br><br>v.<br><br>SLOOD LLC DBA ALLWIN<br>INSURANCE AGENCY,<br>    *Defendant / Third-Party Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-cv-05628 |

## PLAINTIFF ATLANTIC CASUALTY INSURANCE COMPANY'S
## ORIGINAL THIRD-PARTY COMPLAINT

TO THE HONORABLE CHARLES ESKRIDGE, U.S. DISTRICT JUDGE:

Plaintiff, Atlantic Casualty Insurance Company (Atlantic Casualty), files this third-party complaint against Slood LLC dba Allwin Insurance Agency and respectfully shows the Court the following:

### I. Parties

1. Third-Party Plaintiff Atlantic Casualty is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. For diversity-jurisdiction purposes, Atlantic Casualty is a citizen of North Carolina but not Texas.

2. Defendant Wenyang Chen (Chen) is a citizen of Texas who may be served with process at his domicile at 27 Beacon Hill, Sugarland, Texas 77479, or wherever he may

be found. For diversity-jurisdiction purposes, Mr. Chen is a citizen of Texas but not North Carolina. Chen has appeared in this lawsuit and filed counterclaims against Atlantic Casualty.

3.      Third-Party Defendant, Slood LLC dba Allwin Insurance Agency (Allwin) is a Texas limited liability company with its principal place of business in Harris County, Texas. Allwin is owned and operated by its manager/director and sole member, Deqing Yang. Deqing Yang holds a Texas driver's license, and identified his address as being located in Harris County, Texas. Additionally, Deqing Yang owns at least one vehicle which is titled and registered in Texas. Deqing Yang may be served with process at 9889 Bellaire Blvd., Ste. 124, Houston, Texas 77036, or wherever he may be found. Yang is thus a domiciliary of the State of Texas. Because Yang is the LLC's member, for diversity-jurisdiction purposes, Allwin is a citizen of Texas but not North Carolina

## II.  Jurisdiction and Venue

4.      The parties are completely diverse because Atlantic Casualty is a citizen of North Carolina and defendants are citizens of Texas, rendering Atlantic Casualty's citizenship completely diverse from the defendant's citizenship.  The amount in controversy exceeds $75,000.  The Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1).

5.      The Court has supplemental jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1367(a) because the claims against Allwin arise out of the same case

or controversy as the claims asserted in the Counterclaims, including the procurement, scope, and adequacy of insurance coverage for the Property at issue in this lawsuit.

6.    The limitations set forth in 28 U.S.C. §1367(b) do not apply because exercising supplemental jurisdiction over this Third-Party Complaint would not be inconsistent with the requirements of 28 U.S.C. §1332, because complete diversity is maintained among Third-Party Plaintiff Atlantic Casualty, Defendant Wenyang Chen, and Third-Party Defendant Allwin.

7.    Venue is proper in this Court under 28 U.S.C. §1391(b)(1) and (2). The defendants reside in Texas and within the judicial district of the Southern District of Texas—Houston Division.  Furthermore, the property that is the subject of the claim is located at 133 FM 359 Road, Richmond, Texas 77642 which is within the judicial district of the Southern District of Texas—Houston Division.

### III.  Facts

8.    Paragraphs 1-7 set forth above are incorporated herein by reference.

9.    Atlantic Casualty brings this claim under Federal Rule of Civil Procedure 14(a) and in response to and arising from the Counterclaims by Defendant/ Counterclaim Plaintiff, Wenyang Chen. (See EFC 15).

10.    Atlantic Casualty issued Commercial Property Coverage under Policy No. M318001780-0, effective December 10, 2024 to December 10, 2025, to Wenyang Chen. (the Policy). (See Ex. A).

11.     Chen's counterclaims   allege breach of contract, Texas Insurance Code Section 541 violations and DTPA claims for inadequate policy limits and unfair and deceptive acts regarding the representation of the Policy limits.

12.     Prior to the issuance of the Policy, Chen retained Allwin to procure appropriate insurance coverage for the Property.

13.     Atlantic Casualty is a surplus lines insurer. On or about November 20, 2019, Allwin submitted Accord applications to Atlantic Casualty's managing general agent (MGA), Scottish American Insurance General Agency, Inc. now known as Novatae Risk Group, LLC (Novatae), to procure coverage for Chen's Property.

14.     On or about November 20, 2019, Novatae sent Allwin a quote on Chen's account to place coverage with Atlantic Casualty.

15.     On or about December 10, 2019, Allwin sent a binder request to Novatae.

16.     On or about December 10, 2019, Novatae sent a binder to Allwin which required "a signed no Known Loss Letter for the past 3 years," "signed bind request," and "favorable inspection."

17.     The binder Novatae sent to Allwin also stated "[t]his binder may be cancelled by the Company by notice to the insured in accordance with the policy" and "[t]his binder is per the premium basis shown on your application however, it may reflect reduced coverage/limits from your application."

18.     In January 2020, Novatae retained Associated Services Inspections, Ltd. to inspect Chen's property as part of its underwriting process.

19.     On or about January 13, 2020, Novatae forwarded the Associated Services Inspections, Ltd. inspection to Allwin requesting Chen comply with the inspection recommendations and sign an acknowledgment letter and advising the inspection revealed two separate buildings with a replacement cost value (RCV) of $409,528 on the dwelling/office (Premises 1, Building 1) and $260,708 on the warehouse (Premises 1, Building 2).

20.     On or about January 21, 2020, Allwin acknowledged receipt of the Associated Services Inspections, Ltd. report and valuation report and inquired whether two separate buildings would still allow for $1.2 million total coverage.

21.     On or about January 27, 2020, Novatae advised Allwin that the "valuation report indicates the dwelling has a RCV of $409,528, and the warehouse has a RCV of $260,708." Noting that a limit of $1.2 million was too high and requesting "any justification for the higher limit."

22.     On or about January 28, 2020, Allwin sent Novatae the underwriting inspection recommendations letter executed with Mr. Chen's signature via Docusign.

23.     On or about November 18, 2020, Allwin requested Novatae to provide a renewal quote for the Property.

24.     On or about November 24, 2020, Novatae advised Allwin that "the building limits and valuations needed to be evaluated" before the renewal quote. Novatae again requested "any justification for the higher [$1.2 million] limit" and attached a copy of the inspection report with building valuations.

25.    On or about November 24, 2020, Allwin advised Novatae "[t]he dwelling amount of two building [sic] can be $700,000."

26.    On or about November 24, 2020, Novatae sent Allwin the renewal quote with Atlantic Casualty and advised that the building limits were lowered "to better match the valuation reports from last year, and to total $700,000."

27.    On or about December 7, 2020, Allwin sent Novatae a signed renewal bind request.

28.    On or about December 9, 2020, Novatae sent Allwin an insurance binder that reflected the Property coverage sought by Mr. Chen totaling $700,000 – with Premises 1, Building 1 carrying limits of insurance of $430,000 and Premises 1, Building 2 carrying limits of insurance of $270,000.

29.    Before the April 27, 2024 fire loss, Chen through Allwin renewed commercial property insurance coverage with Atlantic Casualty for four policy periods which provided total limits of insurance of $700,000 – Premises 1, Building 1 carrying limits of insurance of $430,000 and Premises 1, Building 2 carrying limits of insurance of $270,000.

30.    Chen alleges Allwin held itself out as a professional insurance agent with expertise in evaluating risk exposure and procuring adequate insurance coverage.

31.    Chen alleges he relied on Allwin to evaluate insurance needs for the Property and to procure appropriate insurance coverage with sufficient limits of insurance to fully protect the Property.

32.     Chen alleges Allwin represented, expressly or impliedly, to Chen that coverage procured for the Property was adequate and sufficient for the Property.

33.     To the extent Atlantic Casualty is found liable to Chen on any counterclaim, such liability arises from Allwin's procurement of the insurance policies, misrepresentations, and statutory violations.

## IV.  Causes of Action

### COUNT I – NEGLIGENCE

34.     Atlantic Casualty incorporates all preceding allegations. Atlantic Casualty denies liability to Chen and notes Chen had a duty to read his own policies and determine his coverage needs and to accurately communicate with his retail agent. Pleading by way of alternative or additional relief, Atlantic Casualty asserts claims against the retail agent in the event Chen proves his allegations.

35.     Allwin, as Chen's retail agent, owed duties to exercise reasonable care, skill, and diligence in accurately communicating material information regarding the Property to Atlantic Casualty's MGA Novatae to obtain appropriate insurance coverage for the Property.

36.     Allwin breached its duties to Chen or Atlantic Casualty by failing to accurately communicate material information regarding the Property and insurance coverage requirements of Chen to obtain insurance coverage allegedly requested by Chen for the Property.

37.    Allwin's negligent acts and omissions of failing to obtain the insurance coverage for the Property allegedly sought by Chen caused or contributed to the issuance and renewals of the insurance policies at issue with the alleged inadequate policy limits forming the basis of Chen's claims against Atlantic Casualty.

38.    To the extent Atlantic Casualty is found liable to Chen for any alleged inadequate coverage limits, misrepresentation or statutory violation, such liability is derivative of and proximately caused by Allwin's negligence.

39.    Accordingly, Allwin is liable to Atlantic Casualty for all or part of any damage for which Atlantic Casualty may be held liable to Chen, including by way of contribution and/or indemnity or common law indemnity (vicarious liability)because although disputed, any alleged liability arises from Allwin's alleged negligent procurement of insurance coverage to the Property.

### COUNT II – NEGLIGENT MISREPRESENTATION

40.    Atlantic Casualty incorporates all preceding allegations.

41.    Allwin, as Chen's retail agent, provided information regarding the Property to Atlantic Casualty's general managing agent (MGA) Novatae, which relied on that information in underwriting, issuing and renewing the policy at issue.

42.    Allwin submitted to Atlantic Casualty's MGA Novatae an insurance application which provided for two buildings with a total limit of insurance for $700,000.

43.    Allwin bound coverage with Atlantic Casualty's MGA Novatae for two buildings with total limits of insurance for $700,000. No information was provided for any valuation in excess of this amount, despite multiple requests.

44.    Atlantic Casualty's MGA Novatae relied on Allwin's representations that coverage for the Property was sought for two buildings with total limits of insurance of $700,000.

45.    To the extent Atlantic Casualty is found liable to Chen for alleged inadequate coverage limits, misrepresentation or statutory violation, such liability arises directly from Allwin's negligent misrepresentations and failures in the limits of insurance or other valuation information sought for Chen's Property.

46.    Accordingly, Allwin is liable to Atlantic Casualty for all or part of any damage for which Atlantic Casualty may be held liable to Chen, including by way of contribution and/or indemnity, because although disputed, any alleged liability arises from Allwin's negligent misrepresentation of limits of insurance or valuation information sought for Chen's Property.

## COUNT III- COMMON LAW INDEMNITY

47.    Atlantic Casualty incorporates all preceding allegations.

48.    To the extent, if any, Atlantic Casualty is held liable to Chen, which it vehemently disputes, Atlantic Casualty is entitled to common law indemnity from Allwin because Atlantic Casualty's liability to Chen is purely derivative of or vicarious to Allwin's

negligence and negligent misrepresentations to Atlantic Casualty's MGA in procuring the insurance policy for the Property.

## COUNT IV- CONTRIBUTION

49.    Atlantic Casualty incorporates all preceding allegations.

50.    To the extent, if any, Atlantic Casualty is held liable to Chen, which it vehemently disputes, Atlantic Casualty is entitled to contribution from Allwin under Texas Civil Practice and Remedies Code Chapter 32 for all or part of any damages attributable to Allwin's proportionate responsibility for Allwin's negligence and negligent misrepresentations or other alleged wrongful conduct in the valuation and procurement of the policy(ies).

## COUNT V- THIRD-PARTY BENEFICIARY CLAIM FOR BREACH OF CONTRACT

51.    Atlantic Casualty incorporates all preceding allegations.

52.    In the alternative, to the extent, if any, Atlantic Casualty is held liable to Chen, which it vehemently disputes, upon information and belief Atlantic Casualty is an express and intended third-party beneficiary of any and all express or implied contracts between Novatae and Allwin (Retail Agent Agreement).

53.    As an intended third-party beneficiary of the Retail Agent Agreement, Atlantic Casualty has standing to enforce the terms of that agreement, including any indemnification and obligations imposed upon Allwin.

54.     Allwin represented, expressly or impliedly, or allegedly to Chen that the coverage procured for the Property was adequate and sufficient. These representations were made in connection with Allwin's performance of its obligations under the Retail Agent Agreement, and any misrepresentations or failures of adequate procurement constitute breaches of the Retail Agent Agreement.

55.     To the extent, if any, Atlantic Casualty is held liable to Chen, which it vehemently disputes, such liability arises from Allwin's procurement of the insurance policies, misrepresentations, and statutory violations. Allwin's breaches of the Retail Agent Agreement, including any failure to properly communicate coverage limits to Chen and/or accurately represent the terms of coverage to Chen, have directly exposed Atlantic Casualty to the claims asserted by Chen.

56. As a direct and proximate result of Allwin's breaches of the Retail Agent Agreement—of which Atlantic Casualty is an intended third-party beneficiary—Atlantic Casualty has suffered and will continue to suffer damages including but not limited to any amounts it may be found liable to Chen, costs of defense, and attorneys' fees. Atlantic Casualty asserts a claim for attorney's fees in this suit under Texas Civil Practice and Remedies Code Chapter 38. Those fees were reasonable and necessary and incurred in asserting the breach of contract claims as a beneficiary to the agreement with Atlantic Casualty's MGA and Chen as retail agent.

## V. Prayer

For these reasons, Atlantic Casualty respectfully requests that in the event that Chen recovers in favor on its Counterclaims against counter-plaintiff Atlantic Casualty, then Atlantic Casualty seeks the following relief:

a. Contribution and/or indemnity, negligence or negligence misrepresentation, and third-party beneficiary breach of contract claims as allowed by law or equity;

b. Attorney's fees and expenses as allowed by law or equity;

c. All rights or reimbursement at law or in equity;

d. Court costs; and

e. All other relief that the Court deems appropriate.

Respectfully submitted.

Camille Johnson
State Bar No. 10686600
S.D. Bar No. 16414
Sarah Sachs
State Bar No. 24127860
S.D. Bar No. 3918805
SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.
4621 Ross Avenue, Suite 300
Dallas, Texas 75204
Phone: (214) 368-1515
Fax: (737) 273-8905
camille@ssjmlaw.com
ssachs@ssjmlaw.com

Erin Morris
State Bar No. 24127402
S.D. Bar No. 3815405
SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.
885 Arapahoe Avenue, Suite 207
Boulder, Colorado 80302
Tel: (303) 244-9629
Fax: (737) 273-8905
erin@ssjmlaw.com
**Counsel for Plaintiff, Atlantic Casualty Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on April 24, 2026 with the Clerk of Court via the Court's CM/ECF System, which will send notification to all counsel of record.

Edward J. Loya, Jr.
Daniel Brown
DORSEY & WHITNEY LLP
200 Crescent Court, Suite 1600
Dallas, Texas 75201
**Counsel for Defendant Wenyang Chen**

Sarah Sachs