# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ATLANTIC CASUALTY
INSURANCE COMPANY.,

      **Plaintiff / Counterclaim**
      **Defendant**

    **v.**

WENYANG CHEN,

      **Defendant / Counterclaim**
      **Plaintiff**

    **v.**

**CIVIL ACTION NO. 4:25-cv-05628**

SLOOD LLC DBA ALLWIN
INSURANCE AGENCY, and

NOVATAE RISK GROUP, LLC, f /k/a
SCOTTISH AMERICAN
INSURANCE GENERAL AGENCY,
INC.

      **Defendant / Third-Party**
      **Defendants**

---

## DEFENDANT AND COUNTERCLAIM PLAINTIFF WENYANG CHEN'S ORIGINAL CROSSCLAIM AND THIRD-PARTY COMPLAINT

Defendant and Counterclaim Plaintiff Wenyang Chen ("Chen") herby files this crossclaim against Slood LLC dba Allwin Insurance Agency ("Allwin") and third-party complaint against Novatae Risk Group, LLC f/k/a Scottish American Insurance Agency, Inc. ("Novatae"), and alleges the following:

### Procedures Before This Court

1.    This action was originally brought as a Declaratory Judgment Action by Plaintiff

DEFENDANT AND COUNTERCLAIM PLAINTIFF WENYANG CHEN'S ORIGINAL CROSSCLAIM AND THIRD-PARTY COMPLAINT – PAGE 1

Atlantic Casualty Insurance Company, Inc. ("ACIC") against its insured, Defendant Chen.

2.    On March 23, 2026, Chen timely filed its Answer and Counterclaim, alleging, among other things, breach of contract under the insurance policy issued by ACIC, as well as ACIC's violations of the Texas Insurance Code and Texas Business and Commerce Code.

3.    On April 24, 2026, allegedly as a result of Chen's counterclaim allegations, ACIC filed a third-party complaint against Allwin ("ACIC's Third-Party Complaint").

4.    In ACIC's Third-Party Complaint, ACIC identifies Novatae as ACIC's managing general agent, relevant to the transactions at issue in this matter.

5.    In ACIC's Third-Party Complaint ACIC alleges multiple interactions between ACIC's managing general agent Novatae, and Allwin, and claims, including on the basis of those interactions, that to the extent ACIC is liable (presumably under the Texas Insurance Code or the Texas Business and Commerce Code), Allwin is liable to it.

6.    ACIC does not name its now-admitted managing general agent as a third-party defendant, despite Novatae's participation in the events ACIC allegations give rise to the claims against Allwin.

### Parties

7.    Chen is a resident of the State of Texas, and the owner of the property at issue in this dispute.

8.    ACIC is the insurer Plaintiff of its original declaratory judgment action, and is a citizen of North Carolina, and not Texas.

9.    Allwin is a limited liability company formed under the laws of Texas with a principal place of business in Harris County, Texas. Allwin is an insurance agency, licensed under, and subject to, the laws of the State of Texas, and as alleged by ACIC in ACIC's Third-Party

Complaint, is a citizen of the State of Texas, and is subject to personal jurisdiction in this state.

10.    Novatae is, for itself and as the managing general agent of ACIC, a surplus lines agent, licensed and subject to the laws of the State of Texas.  Novatae, including as Scottish American General Insurance Agency, has been so licensed and subject to the laws of the State of Texas since at least March 18, 2013, and at all times relevant to this action.

11.    Novatae does not appear to have publicly reported the citizenship of its LLC member(s), but does report its headquarters as in Dallas, Texas, and is subject to personal jurisdiction in this state.

### Jurisdiction and Venue

12.    This Court has subject matter jurisdiction over this action pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, as the claims asserted herein arise out of the same case or controversy as the claims asserted in the underlying action, Case No. 4:25-cv-05628, pending in this Court, including those relationships and events alleged in the recently filed ACIC Third-Party Complaint.

13.    This Court has personal jurisdiction over Allwin because Allwin is a limited liability company formed under the laws of Texas with a principal place of business in Harris County, Texas.

14.    This Court has personal jurisdiction over Novatae because it has at least one principle place of business in Dallas, Texas and conducts business in this state, including in the transactions at issue in this matter.

15.    Venue is proper in this Court.  The original matter was brought in this Court, Defendant and Allwin reside in the Southern District of Texas, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**Statement of Facts**

16.    Chen owns property located at 133 FM 359 Road, Richmond, Texas 77406 (the "Property").

17.    In or about November 2019, ACIC, through one or more agents of ACIC, including Lucy Zhao at Allwin and ACIC's managing general agent Novatae (then Scottish American General Insurance Agency), proposed to Chen to place insurance covering the Property.  The package quote for insurance represented the insurance as $1.2 million in coverage on the Property, undifferentiated by any supposed number of buildings.

18.    The quote purported to be subject to a "Signed Acord Apps," a "Completed, signed/dated Terrorism form," and a "Signed No Loss Letter."  The quote also recited "To bind coverage we must receive written confirmation of the order of coverage, based on the terms and conditions outlined within this quotation."

19.    There were no other subjectivities or conditions for coverage on the terms proposed. There were no subjectivities in the quote purporting to require an inspection, or making coverage contingent on an inspection or the results of an inspection.

20.    The proposal for insurance offered by Allwin, Novatae, and ACIC both expressly stated and fairly implied that upon completion of the required subjectivities, and payment of the premium, the Property would be insured for $1.2 million.

21.    All subjectivities for coverage were completed and the policy was issued in December 2019 as proposed, undifferentiated by any building(s) and in a full amount of $1.2 million in limits.

22.    In a letter dated October 16, 2025, ACIC counsel in this matter confirmed that the policy issued by ACIC in December 2019 included $1.2 million in insurance, undifferentiated by

DEFENDANT AND COUNTERCLAIM PLAINTIFF WENYANG CHEN'S ORIGINAL CROSSCLAIM AND THIRD-PARTY COMPLAINT – PAGE 4

any building(s).

23.    Allwin and Novatae held themselves out as professional insurance agents with expertise in evaluating risk exposure and procuring adequate insurance coverage.

24.    Upon information and belief, Allwin worked with ACIC, through its managing general agent Novatae, to obtain the insurance coverage for the property.  Both Allwin and Novatae owed duties of care to Chen, including, at a minimum, to comply with Texas law in the procurement of insurance.

25.    Allwin and Novatae, for themselves and as ACIC's managing general agents, procured an insurance policy from ACIC with a policy period beginning December 10, 2019.

26.    In January 2020, one or more representatives of ACIC conducted an inspection of the Property.

27.    Chen was not notified of the results of the inspection, nor was he provided a copy of the inspection report.

28.    Neither ACIC, nor anyone on its behalf, notified Chen that any action or determination was or would be made on the basis of the inspection.

29.    At no time prior to the fire loss giving rise to this case did ACIC, nor anyone purporting to act on its behalf—including its managing general agent Novatae—inform Chen (a) as to the results of the inspection; (b) that the results had supposedly indicated an insured value of less than $1.2 million, or (c) that either ACIC or anyone else had used the results to change the terms of any property coverage.

30.    For the past several years, including the policy year at issue in this matter, Chen has renewed the insurance first purchased in 2019.  The relevant renewals occurred in or about November 2020, November 2021, November 2022, November 2023, and November 2024.

DEFENDANT AND COUNTERCLAIM PLAINTIFF WENYANG CHEN'S ORIGINAL CROSSCLAIM AND THIRD-PARTY COMPLAINT – PAGE 5

31. Each renewal includes communications and quotes prepared and delivered to Chen by one or both of Novatae and/or Allwin, proposing to place insurance issued by ACIC.

32. At no time in any renewal, whether presented by Allwin or Novatae for itself or as managing general agent of ACIC, or ACIC itself, has the written renewal material conspicuously indicated, or indicated in a manner that drew Chen's attention to it, an effort by ACIC to reduce the coverage of the Property, or change the conditions of coverage.

33. Moreover, based on ACIC's claim  that the insurance limits are split between two buildings and that there is no overall $1.2 million limit in the policy, both the original quote and each years' renewals presented by Allwin and Novatae for itself and on behalf of ACIC – each lacking of conspicuous clear indication claiming the policy limits had been reduced or the conditions of coverage changed – were misleading and misstate the advantages promised by the policy.

34. In addition, in failing to conspicuously and clearly indicate that there were supposedly reductions in limits, that the limit had been reduced and split between two buildings, and that there was not still an overall limit of $1.2 million, Allwin, Novatae (for itself and ACIC), and ACIC failed to state material facts necessary to make any other representation in the renewal materials each year as to the limits or buildings not misleading.

35. Simply put, Allwin, Novatae (for itself and as managing general agent for ACIC), and ACIC engaged in a scheme to originally place $1.2 million in coverage for the Property, and then, without telling Chen, used a woefully inadequate "inspection" to purportedly reduce coverage of the Property to a total of about $700,000, or only about 58% of its value, without reasonably disclosing these facts to Chen in a non-misleading and conspicuous manner.

36. Worse still, ACIC, including through one or more agents, Novatae and Allwin,

DEFENDANT AND COUNTERCLAIM PLAINTIFF WENYANG CHEN'S ORIGINAL CROSSCLAIM AND THIRD-PARTY COMPLAINT – PAGE 6

engaged in a scheme to split the Property in two, such that depending on the locale and extent of the loss, even those inadequate $700,000 limits (much less an overall $1.2 million limit) would not be available to Chen. This occurred without Allwin, Novatae, or ACIC reasonably disclosing these facts to Chen in a non-misleading and conspicuous manner.

37.    Then, contrary to Texas law, Insurance Code § 551.056, and in a misleading manner, each year Allwin, Novatae (for itself and as managing general agent for ACIC), and ACIC hid the now-claimed coverage changes in the "fine" print of renewals, such that Chen was misled as to the coverage purchased and maintained.

38.    Allwin, Novatae, and ACIC caused Chen to purchase insurance believing that he was purchasing insurance fairly covering the value of the Property, while in fact, ACIC claims to have covered at best only about 58% of the value Chen insured and intended to insure.

39.    Based on the allegations of the ACIC Third-Party Complaint, each of Allwin, Novatae, and ACIC knew the inspection had occurred, knew of the results of that inspection, and deliberately purported to reduce the limits of the policy without itself communicating or ensuring any other agent communicated as required by law.  Accordingly, Allwin, Novatae, and ACIC knowingly committed the acts complained of above.

40.    In April 2025, Chen suffered a fire loss at the Property.

41.    The fire loss caused damage to the Property well in excess of the amounts paid to date and believed to be in excess of $1.2 million.

42.    ACIC purports to have paid $270,000 for fire loss to the portion of the Property then-used to warehouse inventory.  Even just repairing and/or rebuilding that portion of the building will cost more than $270,000.

43.    ACIC purports to have paid $76,947.35 for fire loss damage to the portion of the

Property used as offices.  Even simply just repairing and/or rebuilding that portion of the building will cost more than the $76,947.35 paid.  Even under ACIC's theory of the case, there remains more than $350,000 in available limits that ACIC has refused to pay.

44.    Each of Allwin and Novatae had an obligation and duty, including under the Texas Insurance Code, to conspicuously indicate the purported reductions in coverage.  Moreover, each of Allwin and Novatae had an obligation and duty to properly and reasonably assist Chen in the procurement of reasonably adequate insurance on the Property.

45.    Pleaded in the alternative to the contract claim against ACIC, had Allwin and/or Novatae properly performed those duties, Chen would have at a minimum, obtained insurance reasonably covering the property, including with reasonable limits as great or greater than the $1.2 million Chen believed had been placed.

46.    Moreover, had Allwin and/or Novatae properly performed those duties, Chen would not be incurring the costs and fees of this matter as it relates to ACIC's position that it has paid all amounts owed.

47.    As a result of Allwin's and Novatae's failures, Chen was unable to seek additional coverage or take other steps to protect himself, including from this claim initiated by ACIC.

48.    Chen has suffered damages in the form of uncompensated fire loss, delay in payment of the claim, and mental anguish.

49.    The above allegations give rise to the Counts below, and are pleaded together with, and where necessary to preserve all pleaded claims, in the alternative to the allegations against ACIC.

### Causes of Action

### COUNT I – Negligence Against Allwin

DEFENDANT AND COUNTERCLAIM PLAINTIFF WENYANG CHEN'S ORIGINAL CROSSCLAIM AND THIRD-PARTY COMPLAINT – PAGE 8

50. Chen realleges the preceding allegations as though fully set forth herein.

51. Allwin owed a duty to Chen to exercise reasonable care, skill, and diligence in procuring appropriate insurance coverage for Chen's property.

52. Allwin had a duty to accurately, clearly, and unambiguously communicate material information about the property and the scope of coverage to the insurer and to Chen, including but not limited to, at a minimum, in a manner required by Texas law.

53. Allwin had a duty to ensure that Chen understood the scope and limits of the coverage being procured, and to assist Chen in obtaining reasonable insurance.

54. Allwin had a duty to ensure that the insurance procured reasonably and adequately covered the property.

55. Allwin breached its duties to Chen.

56. Allwin's breach of duty is a proximate cause of Chen's damages, including but not only in the event that ACIC prevails in its claim (which Chen disputes) that the Policy does not cover beyond the amounts paid to date.

57. Chen suffered uncompensated fire loss, and loss in the amount of fees and costs in this action as against ACIC.

58. Chen suffered damages from the delay in payment of the claim and the inability to timely repair and restore the building to its income-producing purposes.

59. Chen suffered mental anguish as a result of the fire loss and the inadequate insurance recovery.

**COUNT II –Action Pursuant to Tex. Ins. Code § 541.151 Against Allwin and Novatae**

60. Chen realleges the preceding allegations as though fully set forth herein.

61. Texas Insurance Code § 541.061 prohibits unfair or deceptive acts or practices by,

among other things,

    a. "failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;"

    b. "making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;" and

    c. "failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code."

62. Allwin and Novatae's actions as detailed herein breached these provisions of the Texas Insurance Code, including but not limited to by failing to conspicuously inform Chen that Allwin and Novatae were reducing coverage or changing the conditions of coverage in violation of § 551.056, and also by failing to disclose the lack of an overall limit of $1.2 million in a manner that was not misleading.

63. Due to the violations above, Chen relied on the belief that there was in fact $1.2 million in coverage on the Property in purchasing and maintaining the insurance through each renewal, including the renewal giving rise to the insurance subject to this claim.

64. Chen has suffered actual damages caused by these violations, including damages resulting from ACIC's refusal to timely pay the fire loss.

65. Texas Insurance Code § 541.151 authorizes and entitles a private right of action by Chen "against another person," in this case Allwin and Novatae, for those damages caused by their violations.

66. Accordingly, Chen brings an action against Allwin and Novatae for the damages caused by their violations of Texas Insurance Code § 541.061, in an amount to be proven at trial,

at least the difference between in the amount paid to date and the limits of the policy, that is $853,052.65.

67.    Pursuant to Texas Insurance Code § 541.152, Chen is also entitled to court costs and reasonable attorney's fees, an award up to three times the amount of Chen's damages, and such other relief as the Court determines is proper.

**COUNT III – Action Pursuant to Tex. Bus. & Comm. Code § 17.50 Against Allwin and Novatae**

68.    Chen realleges the preceding allegations as though fully set forth herein.

69.    Texas Business and Commerce Code § 17.46 prohibits unfair and deceptive acts or practices by, among other things,

a.    "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have. . ."; or

b.    "representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve".

70.    Allwin and Novatae's actions as detailed above breached the provisions of § 17.46, including but not limited to by failing to conspicuously inform Chen that Allwin and Novatae were reducing coverage or changing the conditions of coverage, and also by failing to disclose the now-alleged lack of an overall limit of $1.2 million in a manner that was not misleading.

71.    Due to the violations above, Chen relied on the belief that there was in fact $1.2 million in coverage on the Property in purchasing the maintaining the insurance through each renewal, including the renewal giving rise to the insurance subject to this claim.

72.    Chen has suffered actual damages caused by these violations, including damages resulting from ACIC's refusal to timely pay the fire loss, as well as mental anguish.

73.    Chen is a consumer within the meaning of § 17.50.  Texas Business and Commerce

DEFENDANT AND COUNTERCLAIM PLAINTIFF WENYANG CHEN'S ORIGINAL CROSSCLAIM AND THIRD-PARTY COMPLAINT – PAGE 11

Code § 17.50 authorizes and entitles a private right of action by ACIC for those damages caused by Allwin and Novatae's violations of the above alleged provisions and any other applicable under § 17.46, as well as based upon the prior alleged violations of the Texas Insurance Code Chapter 541.

74.    Chen is entitled to damages, including mental anguish, and including three times the amount of damages found, in an amount to be proven at trial, as well as attorney fees and court costs.

### COUNT IV – Breach of Fiduciary Duties Against Allwin

75.    Chen realleges the preceding allegations as though fully set forth herein.

76.    A fiduciary relationship existed between Allwin and Chen.

77.    Allwin, as Chen's insurance agent, stood in a fiduciary relationship to Chen.

78.    An insurance agent owes fiduciary duties to its client, including the duty to act in the client's best interest, the duty of loyalty, and the duty of disclosure.

79.    Allwin breached the duties imposed by that relationship.

80.    Allwin failed to disclose the reduction in coverage limits and the split structure to Chen.

81.    Allwin failed to advise Chen of the implications of the reduced coverage.

82.    Allwin allowed Chen to renew the policy for four subsequent years without disclosing the changes.

83.    Allwin prioritized the insurer's interests by agreeing to the reduction in limits without ensuring that Chen had adequate coverage.

84.    The breach caused Chen's injury.

85.    Had Allwin properly disclosed the reduction in coverage and advised Chen of the

implications, Chen could have sought additional coverage or taken other steps to protect himself.

86.   Chen suffered damages as a result.

87.   Chen suffered uncompensated fire loss in the amount of at least $853,052.65.

88.   Chen suffered damages from the delay in payment and mental anguish.

**COUNT V – Negligent Misrepresentation Against Allwin and Novatae**

89.   Chen realleges the preceding allegations as though fully set forth herein.

90.   Allwin made representations of material fact to Chen in the course of Allwin's business, including in the course of placement of the insurance, and in each renewal.

91.   Novatae made representations of material fact to Chen in the course of Novatae's business, including in the course of placement of the insurance, and at each renewal.

92.   Allwin represented to Chen that Chen's property was adequately covered – as the original quote provided to Chen was for $1.2 million in undifferentiated coverage – when the coverage was actually reduced to $700,000 total, consisting of $430,000 for Building 1 and $270,000 for Building 2, beginning with the December 2020 renewal.

93.   Novatae, in addition to delivering renewal materials, also failed to disclose the results of the inspection or actions allegedly being taken based on the inspection, and instead affirmatively represented only that certain fire extinguishers supposedly needed to be placed (and they were).

94.   By procuring the insurance and allowing Chen to renew the policy for four subsequent years without disclosing the reduction in coverage limits, Allwin and Novatae inaccurately represented that the coverage was adequate.

95.   Novatae and Allwin knew or should have known the representations were false, or that the information provided would be misleading without providing additional information

DEFENDANT AND COUNTERCLAIM PLAINTIFF WENYANG CHEN'S ORIGINAL CROSSCLAIM AND THIRD-PARTY COMPLAINT – PAGE 13

known to Novatae and Allwin.

96.    The reduced coverage was not adequate to cover the full value of the property, which exceeded $1.2 million, as evidenced by the fire loss.

97.    Allwin and Novatae did not exercise reasonable care or competence in communicating the change in structure of the policy as Chen did not receive notice of the reduction in coverage limits or the split structure, nor did the renewal materials conspicuously disclose these changes.

98.    Allwin and Novatae intended for Chen to act in reliance on the representation so he would continue to maintain the insurance and to believe that he had adequate coverage.

99.    Chen justifiably relied on the representation – believing that the insurance coverage was adequate and sufficient.

100.    Chen suffered damages as a result of the reliance.

101.    When the fire loss occurred, Chen was unable to recover the full amount of his loss because of the inadequate coverage limits.

102.    Chen suffered uncompensated fire loss in the amount of at least $853,052.65.

103.    Chen suffered damages from the delay in payment and mental anguish.


WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor on its Counterclaims against Plaintiff, and grant Defendant the following relief:

(A) Damages in the amount to be proven at trial, including

Damages for fire loss;

Damages for delay in the payment of the claim;

Damages for mental anguish as found by the trier of fact;

Treble damages;

Attorney fees and costs of this action; and

Attorney fees and costs of any related cause of action against ACIC, plus

(B) Such other relief as the Court determines proper.

Dated: May 14, 2026

Respectfully submitted,

*/s/ Edward J. Loya, Jr.*

**Edward J. Loya, Jr.**
State Bar No. 24103619
loya.edward@dorsey.com
**DORSEY & WHITNEY LLP**
200 Crescent Ct, Suite 1600
Dallas, TX 75201
214 981-9900(main)
214 981-9901(facsimile)

**Daniel J. Brown** *(admitted pro hac vice)*
brown.daniel@dorsey.com
**DORSEY & WHITNEY LLP**
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600(main)
(612) 340-2868(facsimile)

**ATTORNEYS FOR DEFENDANT WENYANG CHEN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2026, I served a true and correct copy of the foregoing

upon the following counsel of record:

Camille Johnson
State Bar No. 10686600
S.D. Bar No. 16414
camille@ssjmlaw.com
Sarah Sachs
State Bar No. 24127860
S.D. Bar No. 3918805
ssachs@ssjmlaw.com
**SAVRICK, SCHUMANN, JOHNSON, MCGARR, KAMINSKI & SHIRLEY, L.L.P.**
4621 Ross Avenue, Suite 300
Dallas, TX 75204


**ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT
ATLANTIC CASUALTY INSURANCE COMPANY**


/s/ Edward J. Loya, Jr.
Edward J. Loya, Jr.